No. 373

BALSER, et. v. ROLAND

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2915. Decided Jan. 24, 1927

480. EVIDENCE—In an action for damages, resulting from assault and battery, it is error for the trial judge to exclude specific acts of plaintiff tending to show him to be a quarrelsome fellow, when same was within the knowledge of the defendant.

465. ERROR—When it is obvious that damages assessed by jury were in the main, punitive, it is error for trial judge to give jury two forms of verdict, one against defendant and sureties, the other against plaintiff, as sureties are liable only for compensatory damages.

**First Publication of this Opinion**

PER CURIAM.

Floyd Rowland secured a judgment of $1500 in the court below against W. F. Balser, marshal of the village of Cleves for an alleged assault of battery. Hoffman and Cassady, were on the bond of the marshal, as sureties. The judgment was joint against all three.

It appears that Roland was drunk and had caused a disturbance in a picture show. The marshal, W. F. Balser, having been called, saw Roland on the street and followed him home where he found him on the front porch. The marshal warned him to stay off the streets in the condition he was in. Roland then asked if he were under arrest, the marshal replied no, whereupon Roland became angry and came down off the porch. There followed a fight and the marshal struck Roland with his mace and arrested him. He pleaded guilty to drunkedness, refused medical aid, and when taken before the mayor was found guilty of disorderly conduct.

Balser's defense was that Roland came toward him in a threatening attitude, and, to protect himself, he struck him with his mace.

The Court of Appeals held:

1. Several specifications of error are presented, among which is the refusal of the trial court to permit testimony to the effect that Roland had, at the time of the disturbance at the picture show, struck an employee, Fogel, who had thereupon sought the marshal. The exclusion of this testimony was error.

2. The defense of the marshal, self defense, would give the right to show the general reputation and character of Roland as a quarrelsome, fighting man, and specific instances are competent to show such reputation and character, if such instances have come to the knowledge of the marshal.

3. Objection is made to the charge of the court, in that it did not charge on the right of an arresting officer to use such force as is reasonably necessary, did not properly define assault, the basis of the action, and did not apply the rules of law to the facts of the case, which objections are well founded.

4. The law is that while punitive damages might have been awarded against the marshal, if the jury should find the assault malicious, no punitive damages could be awarded against the bondsmen.

5. The court properly charged the jury to this effect, but, in submitting the case to the jury, submitted but two forms of verdict; one form against all three of the defendants and in favor of the plaintiff; and the other in favor of the defendants. This in effect, gave the jury no opportunity to assess compensatory damages only, against the sureties.

6. The verdict would indicate that the major part was for punitive damages, since the record does not sustain any amount as compensatory damages. If the vedict was for compensatory damages only, then it could have been given only under passion and prejudice, and, if it included punitive damages then the verdict is erroneous, for the reasons above. Mauck v. Brundage et. 68 OS. 89.

Judgment reversed.

(Buchwalter, PJ., Hamilton & Cushing, JJ., concur.)

*Attorneys*—Robert M. Gorman for Balser et; S. L. Leis and Gusweiler, Foster & Lambert for Roland; all of Cincinnati.